No. 29,036.

THE ARMOURDALE STATE BANK, *Appellee,* v. THE CITY OF
KANSAS CITY, *Appellant.*

(292 Pac. 745.)

Opinion filed November 8, 1930.

*L. S. Harvey,* city attorney, *A. H. Skinner* and *John C. O'Brien,* all of
Kansas City, for the appellant; *David F. Carson* and *William Drennen,* both
of Kansas City, of counsel.

*J. H. Brady, T. F. Railsback* and *N. E. Snyder,* all of Kansas City, for the
appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to enjoin the city government
of Kansas City from enforcing an amendment to· its general zoning
ordinance which would have the effect of changing the classification
of some town lots of plaintiff from one for light industrial purposes
to another for residential purposes.

Plaintiff's petition alleged that the amended ordinance was ar-
bitrary, oppressive and illegal. A particularly alleged infirmity
in the ordinance was based on the ground that the statutory pre-
requisites to the enactment of· a zoning ordinance or amendment
thereto had not been followed.

The cause was tried on the pleadings and an agreed statement
of facts. From these it appears that pursuant to the enactment of
chapters 99 and 100 of the Laws of 1921 (R. S. 12-701 *et seq.;* R. S.
13-1101 *et seq.*) the defendant city created a city planning com-
mission of fifteen resident taxpayers. In due time this body mapped

and planned the municipal territory of Kansas City into zones, parks, playgrounds, etc., in accordance with its statutory powers. The planning commission submitted a report of its deliberations and doings to the governing body of the city, and in accordance with its recommendations, and in conformity with the statute, a zoning ordinance was passed, effective July 31, 1924. In that zoning ordinance plaintiff's town lots, which were located adjacent to some railway switch tracks in an outlying section of the city, were classified for light industrial purposes. At the time the original zoning ordinance was enacted plaintiff's town lots were vacant property, nor have any improvements been erected thereon since that time.

For some years after the creation of the city planning commission appointments were made to its personnel from time to time as the terms of its first appointees expired, but about the time of the passage of the amending ordinance complained of in this action, June 26, 1928, the planning commission as a whole had become inactive. The terms of some of its members had expired and they had neither been reappointed nor had other persons been appointed in their stead. The city government had provided the planning commission with a secretary, and the planning commission had selected three of its own members as a subcommittee, called the change of zone committee, to deal with petitions proposing changes in the zoning classifications of the city.

In some way a proposal to change the classification of plaintiff's town lots was submitted to the subcommittee of three, and on May 16, 1928, that subcommittee directed the secretary of the planning commission to write a letter to the governing body of the city saying that the change of zone committee—the subcommittee of three— recommended a change in the zoning ordinance so as to classify plaintiff's town lots for residential purposes. Such a letter was written, but certain protests against the proposed change were made and the first letter was followed by another on May 25, 1928, recommending that no action be taken on the proposed change of classification until all parties interested could be heard.

It is stipulated in the agreed statement of facts that the proposed change of classification of plaintiff's property was never considered by the city planning commission, that body never heard of it, never had a meeting, nor had it any part in the deliberations of its subcommittee whose recommendations of May 16 and May 25 were the subject of the letters of those dates from the secretary of the city planning commission to the city government.

On June 26, 1928, the ordinance complained of was passed and published two days later. This action followed. In view of the agreed statement of facts, the trial court found it unnecessary to determine the merit of other objections pleaded against the validity of the ordinance, by holding that its passage had been effected in disregard of the pertinent provisions of statute. The injunction was granted accordingly.

The city appeals. It directs our attention to the fact that the creation of a city planning commission is not an essential prerequisite to the passage of a valid zoning ordinance. Quite so, but the statute says:

"In any municipality where there is no city planning commission in existence, the governing body (mayor and council or board of commissioners) may appoint either a committee or special commission, whichever it deems most suitable, to exercise the powers given to the city planning commission. . . ." (R. S. 13-1102.)

The statute also provides that after the municipality has been mapped, platted and zoned by the city planning commission, and after the governing body of the city has approved or modified the final report of its work, and has enacted an ordinance to that effect, the governing body of the city—

"May from time to time amend, supplement or change the boundaries or regulations contained in such final report: *Provided,* Such proposed change shall first be submitted to the city planning commission or special committee or commission, for recommendation and report. . . ." (R. S. 13-1102.)

If, therefore, it be considered that when the city planning commission had finished its original task it was to be abolished by failing to appoint successors to its original membership as their terms expired, still the statute did not confer on the governing body the right to do as they pleased about reclassifying plaintiff's property. A requisite preliminary to any lawful change in the classification of plaintiff's property would have been the appointment of a special committee or commission to consider and report on the advisability of making such change. It is agreed that no such preliminary action was taken. It is argued, however, that the reference to the subcommittee of the moribund city planning commission and its recommendations of May 16 and May 25, communicated to the city government by the secretary of the city planning commission, answered the preliminary requisites of the statute. We think not. A preliminary consideration of a proposed change in a zoning ordinance by a competent body of disinterested persons is not a mere formality

but an essential and important prerequisite to official action affecting the value and use of the private property. The power to ordain city zoning ordinances, and to amend, supplement or change them, is not a mere perquisite attaching to the offices of the mayor and councilmen or city commissioners, to be granted or withheld at their grace or caprice. The legislature devised what it considered an effective barrier against such a possibility when it provided that zoning matters should first be considered by an impartial body of resident taxpayers chosen for that purpose, created regularly by ordinance pursuant to the pertinent statute, or by reference of proposed zoning changes to a special committee or commission. Not otherwise did the legislature sanction the power of enacting or amending ordinances pertaining to the zoning of the city. The transfer of plaintiff's property from a light industrial classification to a residential classification is to a certain extent a taking of plaintiff's property for public use—a reduction of part of its marketable and usable value; and while this court has upheld such ordinances, in the first case concerning their validity which came before this court we were careful to say:

"If in the future administration of the ordinance some conjectured but not yet existent oppression may arise, that situation can be judicially dealt with in due course." (*Ware v. City of Wichita,* 113 Kan. 153, 161, 214 Pac. 990.)

Approaching the present question from another viewpoint, the suggestion that there is no city planning commission in Kansas City does not commend itself to our view. Ordinances creating that commission and providing a paid secretary for it have been passed. Those ordinances have not been repealed. In some states and countries which follow the civil law, statutes and ordinances suffered to fall into desuetude are regarded as repealed, but that doctrine does not prevail in Kansas. Moreover, a few of the members of the city planning commission whose terms had not expired when the ordinance complained of was passed were still functioning or attempting to do so. So, too, was the secretary of the city planning commission.

It is quite obvious that the ordinance complained of was enacted without regard to the statutory prerequisites to its consideration and passage, and the judgment of the district court was therefore correct.

The judgment is affirmed.

HARVEY, J., not sitting.