[Civ. No. 4453. Third Appellate District.—January 27, 1932.]

HERBERT SCHOFIELD et al., Appellants, v. CITY OF LOS ANGELES et al., Respondents.

Neil S. McCarthy and Earl L. Banta for Appellants.

Erwin P. Werner, City Attorney, and Jerrell Babb and Samuel H. Erwin, Deputies City Attorney, for Respondents.

MILLER, J., *pro tem.*—This is an appeal from a judgment entered upon the sustaining of a demurrer without leave to amend. The action was brought May 31, 1928, to have ordinance No. 60133 of the City of Los Angeles declared void, and for injunctive relief. The original complaint was demurred to and the demurrer was sustained. Thereupon appellants filed an amended complaint, to which

a demurrer, both general and special, was interposed and sustained upon the general ground, without leave to amend, hence this appeal.

It is alleged that prior to the passage of ordinance No. 60133, and on October 19, 1921, ordinance No. 42666 (new series) was passed by the city council, providing for the creation in the City of Los Angeles of five zones, and describing the classes of buildings, structures and improvements authorized to be erected in said several zones, and repealing certain ordinances. Said ordinance No. 42666 (new series) has not been repealed or amended, unless by ordinance No. 60133, and it provided that a large portion of the City of Los Angeles should constitute a zone designated as Zone "A", and in which said Zone "A", at the commencement of this action, appellants owned certain real property; that under said ordinance No. 42666, Zone "A" was restricted to buildings for residence purposes, and in Zone "B" the property might be used for apartment houses and other businesses.

It is further alleged that on or about the seventh day of February, 1928, the city council of the City of Los Angeles passed ordinance No. 60133, entitled, "An Ordinance Amending Ordinance No. 42666, New Series," under the provisions of which said ordinance No. 60133 certain property theretofore in said ordinance No. 42666, designated as Zone "A", was attempted to be changed to Zone "B"; that the property affected by said ordinance No. 60133 included the appellants' property, and said ordinance changed the uses to which said property and surrounding property might be put, to wit, for single family dwellings and private garages, so as to provide that said land and surrounding property might be used for apartments, hotels, lodging-houses, private clubs, railroad stations, apartment houses and other buildings of like nature.

The amended complaint sets forth the provisions of the new charter of the City of Los Angeles that are involved in this case, which are as follows:

"Sec. 94. The department of City Planning shall have and exercise all the powers and duties which are now or may hereafter be granted to or imposed upon said department by State law, and such additional powers and duties

as may be granted or imposed by ordinance for the regulation and control of the platting and subdivision of lands.

"Sec. 95. No ordinance shall be adopted by the council creating districts or zones for the purpose of regulating the use of lands, or the height, bulk or location of buildings therein, and no ordinance amending or altering any such ordinance shall be adopted until it shall have first been submitted to the Board of City Planning Commissioners for report and recommendation.

"It shall be the duty of the Board of City Planning Commissioners, within thirty days from the receipt of any such request, to make and file its report thereon with the Council, and should said Board of City Planning Commissioners recommend against the approval of any such ordinance herein mentioned, the Council may adopt said ordinance only upon a two-third vote of the whole of said Council. Should the Board of City Planning Commissioners recommend the approval of any such ordinance, or fail to make any recommendation within the time mentioned herein, the said Council may adopt such ordinance by a majority of the whole City Council."

It is alleged that said ordinance No. 60133 was passed by the city council without its having first been submitted to the board of city planning commissioners for report and recommendation, and that said ordinance never was submitted to said board of city planning commissioners for report or recommendation, and that neither the contents of said ordinance nor the new section of said ordinance, numbered 2E–62, by which section certain portions of Zone "A" immediately adjoining the residence property of appellant, was changed and included in a zone designated as Zone "B", were ever submitted to, or in any manner acted upon by, said city planning commissioners in the manner prescribed by the provisions of the city charter, or in any other manner whatsoever. That said ordinance No. 60133 was, nevertheless, approved by the mayor of the City of Los Angeles, and was published on or about March 22, 1928. That the application of respondents Burton Harrington and wife to the building and safety commissioners of Los Angeles, the other respondents, for a permit to erect a five-story apartment house on certain lots near appellants' property, and which was formerly, and prior to the passage of ordinance

No. 60133, in Zone "A", and restricted to residence purposes only, and, by ordinance No. 60133, redistricted as Zone "B" proper. That the building and safety commissioners granted said application, and that said Harringtons have prepared plans for said proposed five-story apartment house, and will, unless restrained, erect said building, and that the effect of such construction will be to greatly depreciate the value of appellants' property to their irreparable injury.

▮ There is but one main question presented for determination in this case, and that is: Was the demurrer properly sustained?

The Constitution of California provides that cities organized by authority of the Constitution are empowered "to make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters". (Art. XI, sec. 6, Constitution of California.)

In the case of *Herzo* v. *San Francisco*, 33 Cal. 134, at page 149, it was said: "It was provided by the charter in force that every ordinance providing for the expenditure of public moneys, except for sums less than $500, shall, after its passage by either board, and before being sent to the other, be published with the ayes and noes in some city newspaper, and no ordinance or resolution which shall have passed one board shall be acted upon by the other on the same day, unless by unanimous consent." These requirements are not merely directory. The language of the statute forbids such a construction. The requirements of the statute constitute conditions precedent, and without a compliance with them the ordinance or resolution could not be legally passed.

▮ But respondents contend that the charter provisions here under consideration, when properly and sanely construed or interpreted, show that the legislative intent was not that the zone ordinance should be submitted to the city planning commissioners for their report and recommendation, but only that the subject matter of the ordinance was required to be submitted to the city planning commissioners. They contend that literal interpretation would be unreasonable, and cite a number of authorities which they claim support their contention.

We have carefully examined these cases and find them not in point. In each of them there were conflicting provisions of a statute which required harmonizing, or the statutory provision there under consideration was uncertain, ambiguous or unreasonable. In other words, in each of the cases cited by respondent there existed an excuse and a reason for construction of the statutes or ordinances there involved.

"A cardinal rule of interpretation is that a statute free from ambiguity and uncertainty needs no interpretation. This must be so, for all interpretation and construction is for the purpose of ascertaining the legislative will. Where this is clear, interpretation is not allowable. In such case it cannot be argued that the result is unjust or against public policy. The statute is, itself, conclusive upon these subjects. . . . We may refuse to obey a law, but we should not cloak our refusal under a pretence of construing language which is unambiguous and cannot be made clearer by any explanation." (*Davis* v. *Hart,* 123 Cal. 384, at 387 [55 Pac. 1060, 1061].)

We are satisfied that the charter provisions contained in sections 94 and 95 of the city charter would not be any clearer than they are, if respondents' interpretation were placed upon them, nor do we perceive wherein they would be any more reasonable or any saner.

It is manifest it was the legislative intent in the drafting of the charter provisions under consideration, to provide for a city planning commission in fact, as well as in name, and not to allow any zone ordinance to be passed until the proposed ordinance was submitted to the commissioners, whose duty required the making of recommendation as to whether the particular ordinance submitted to them should or should not be passed. These commissioners were, no doubt, selected because they were thought to be peculiarly familiar with the matter of zoning, and there is a substantial reason for its requirement that the ordinance shall be submitted to them, and not that merely the subject matter of the ordinance should be submitted to them.

No provision of the charter has been called to our attention which in any manner conflicts with the literal language used in said sections 94 and 95, and hence we assume that there is none. The submission of the proposed ordinance to the city planning commissioners was therefore a con-

dition precedent to its passage by the city council, and the requirement that a proposed ordinance having to do with zoning be first submitted to said commissioners was mandatory, and any such ordinance passed in violation of the charter provision is void.

Injunctive relief in this case seems to be called for. The suit rests upon the theory that the ordinance is void, and this court has held that "a suit for injunction in behalf of one specially interested to prevent the attempted execution of a void statute . . . is a proper remedy. . . . " (*Wheeler* v. *Herbert,* 152 Cal. 226, at 228 [92 Pac. 353, 355]; High on Injunction, sec. 1243; *Ertle* v. *Leary,* 114 Cal. 238 [46 Pac. 1].)

Respondents further seek to uphold the judgment upon the ground that the record contains an affidavit by one Gordon Whitnall, wherein it appears that the subject of an ordinance looking to the rezoning of the district wherein appellants' property is situated, was before the city planning commissioners, prior to the passage of ordinance 60133. But the affidavit is no part of the complaint. The complaint alleges: "That said ordinance never was submitted to said Board of Planning Commissioners for report or recommendation, and that neither the contents of said ordinance nor the new section of said ordinance, numbered 2–E–62, by which Section certain portions of Zone 'A' immediately adjoining the residence property of appellant was changed and included in a zone designated as Zone 'B', were ever submitted to, or in any manner acted upon by, said City Planning Commissioners in the manner prescribed by the provisions of the City charter, or in any other manner whatsoever." But if for any purpose said affidavit could be treated as a part of the complaint, we do not think the court was warranted in sustaining the demurrer.

For the reasons heretofore set forth to the effect that the only method of submission authorized and required by the charter is the submission of the proposed ordinance itself, as distinguished from the subject matter of the ordinance, the judgment is reversed and the court below is directed to overrule the demurrer and issue a temporary injunction, as prayed for in the complaint.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.