No. 31,645

Mrs. Mary A. Ford et al., *Appellees,* v. The City of Hutchinson and Lawrence Fitzgerald, *Appellants.*

(37 P. 2d 39)

Opinion filed November 3, 1934.

*Eustace Smith,* of Hutchinson, for appellant Lawrence Fitzgerald.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment in which defendant Fitzgerald was enjoined from erecting a building and conducting a grocery business therein at a certain location in Hutchinson under authority of an amendment to a zoning ordinance whose validity was challenged by the plaintiffs.

It appears that pursuant to the statutes authorizing cities to subdivide their territories into zoning districts (R. S. 12-701 *et seq.;* 13-1101 *et seq.;* now R. S. 1933 Supp. 12-701 *et seq.*), the city of Hutchinson has been zoned into residential, commercial, industrial and unrestricted districts. The residential districts are of two classes, A and B. The situs of the proposed grocery building was in B residential districts; and as the zoning ordinance stood at the time Fitzgerald set about its construction such new structures as grocery buildings were not permitted by its terms.

To permit him to erect his proposed building and to conduct a grocery business therein the city government amended the zoning ordinance so as to change the site (parts of two town lots) from a B residence district to a commercial zone. Promptly on its taking effect defendant Fitzgerald commenced the erection of a store building, and this action followed.

In their petition plaintiffs, who were property owners of the vicinity concerned, alleged that sometime in 1932 defendant Fitzgerald made application to the city planning board to change parts of two lots from a B residence district to a commercial district, and that the city planning board neglected to give notice of this requested change or to set a date for a public hearing on the proposed

change. On June 13, 1932, Fitzgerald appeared before the board and explained what he wanted; and on motion the proposed change was approved upon condition that he should obtain the consent of the owners of six corners of street intersections nearby, and when such consent was given the board's secretary might write a formal recommendation of the proposed change for submission to the city commission.

On July 8, 1932, the secretary of the planning board addressed and delivered to the city commission a letter reciting that on June 13, 1932, the planning board had voted to recommend the change desired by Fitzgerald. The same day, July 8, an ordinance changing the described parts of two lots from a B residence district to a commercial district was introduced and read before the commission. On July 15 it was approved, and published on July 22, 1932.

Plaintiffs' petition alleged other facts of no present concern, but it also alleged that no notice was given fixing a time for hearing objections to the proposed change and that the planning board had never approved nor disapproved such proposal, and—

"Plaintiffs further say, that the city commission of the city of Hutchinson, Kan., was without authority to pass said ordinance making said proposed change, and that said city commission had no jurisdiction to pass said ordinance, and that, therefore, said ordinance should be held to be null and void, and of no effect whatever."

"Plaintiffs further state that Charles Hall, pretended secretary of the city planning commission, was not authorized, either by law or said city planning commission, to write the letter herein set out to the city commission on the 8th day of July, 1932, or to notify the said city commission that the city planning board had approved the change set out in said ordinance."

The answer of Fitzgerald raised no vital issue of fact, but contained the following:

"That defendant frankly concedes that thirty days' notice of the proposed change was not first published in the official newspaper of the municipality, but that the said failure so to publish said notice was cured by the fact that said ordinance and said change was authorized and passed by four-fifths vote of the board of commissioners of the city of Hutchinson, as required by statute and by ordinance in the event of protest."

By way of reducing the significance of the failure of the city planning board to give the required notice of a public hearing on the proposed change in the zoning districts, defendant alleged that at the time the ordinance rezoning Fitzgerald's proposed building site was under consideration a number of plaintiffs were present

and protested against its passage, and that the city commission was fully apprised of all the pertinent facts at the time the ordinance was adopted.

The pertinent city ordinances were introduced in evidence, and witnesses for the litigants testified at length.

The trial court made findings of fact extending to five closely printed pages of the supplemental abstract, and concluded in part, thus:

"No notice of change was given by the city planning board either by publication or posting as provided by ordinance. No thirty-day publication in the official city paper was made as provided by R. S. 13-1102. No public hearing was held by the city planning commission or board as provided by both ordinance and statute. No ordinance was prepared by the city planning commission and submitted to the city commission for adoption as provided by ordinance. . . . The city planning commission did not again act upon the application for a change after its initial action authorizing its secretary to recommend the change to the city commission upon compliance by Fitzgerald with the conditions imposed, if he did comply, in regard to his getting the consent of the six property owners, nor did Fitzgerald secure the consent of such owners, other than himself and one of the Tenth street owners."

Judgment as prayed for was entered in plaintiffs' behalf; and Fitzgerald appeals, raising two questions of law, the first of which relates to what legal consequence flows from the failure of the city planning board to give notice for thirty days of a public hearing upon Fitzgerald's application to rezone the site for his proposed grocery building and business.

The statutes which empower a city government to zone its territory into residence, commercial and industrial districts were enacted with due recognition of the important fact that they would curtail in some measure the rights of property owners to use their property as they should see fit. Doubtless the lawmakers also realized the fact that any want of permanency in the zoning of a city after it was once accomplished would trench materially on the rights of property owners. The legislature also sought to insure that proposed changes in the zoning districts could not be made by the governing officials of a city merely to gratify the behests of the solicitous and the influential. In *Armourdale State Bank v. Kansas City,* 131 Kan. 419, 292 P. 2d 745, it was said:

"A preliminary consideration of a proposed change in a zoning ordinance by a competent body of disinterested persons is not a mere formality, but an essential and important prerequisite to official action affecting the value and use of the private property. The power to ordain city zoning ordinances, and

to amend, supplement or change them, is not a mere perquisite attaching to the offices of the mayor and councilmen or city commissioners, to be granted or withheld at their grace or caprice. The legislature devised what it considered an effective barrier against such a possibility when it provided that zoning matters should first be considered by an impartial body of resident taxpayers chosen for that purpose, created regularly by ordinance pursuant to the pertinent statute, or by reference of proposed zoning changes to a special committee or commission. Not otherwise did the legislature sanction the power of enacting or amending ordinances pertaining to the zoning of the city." (p. 421.)

The power of the city government to change the zoning of property can only be exercised in conformity with the statute, which provides:

". . . *Provided,* Such proposed change shall first be submitted to the city planning commission or special committee or commission for recommendation and report: *And provided further,* That not less than thirty-days notice of any such proposed change shall first be published in the official newspapers of such municipality and a hearing be granted to any person interested at a time and place specified in such notice. . . ." (R. S. 13-1102.)

The city of Hutchinson has an ordinance which substantially accords with the language of the statute just quoted:

"SEC. 11. . . . The city planning commission shall cause to be prepared a notice indicating the proposed change in the regulations or in the district boundary lines and describing the boundaries of the territory to be affected, which notice shall set a date for a public hearing for consideration of such proposed amendment, supplement or change. After due publication and posting and public hearing of such proposed amendment, supplement and change, as required by law, the city planning commission may cause such ordinance to be introduced into the city commission of the city of Hutchinson, Kansas."

The potency of the statute and of a city ordinance passed in conformity therewith has been repeatedly emphasized by the court. Without the statutory notice for thirty days of a hearing before the planning board, it has no power to give its official recommendation of a proposed change in zoning, and the city government is without power to pass an ordinance making such change. (*Armourdale State Bank v. Kansas City,* 131 Kan. 419, 292 Pac. 745; 43 C. J. 333, 344, 345.)

Appellant cites *Simmonds v. Meyn,* 134 Kan. 419, 7 P. 2d 506, where the planning board failed to act on an application to reclassify certain property. Once the planning board's recommendation, favorable or unfavorable, is received by the city government it has power (by a vote of four-fifths of the city council or commission)

to enact an ordinance rezoning the property according to the application; and, in the case cited, it was merely held that the failure of the planning board to make a recommendation of any sort was tantamount to one advising against the proposed change, and in consequence the rezoning ordinance complained of was regularly enacted. The opinion in the cited case made it clear (page 422) that this court was not disposed to modify the rule announced in *Armourdale State Bank v. Kansas City,* supra.

Few words should be sufficient to dispose of the point that plaintiffs were present and protested against the proposed change at the time the ordinance rezoning Fitzgerald's property was passed. Yes, plaintiffs or some of them were present and protested, but the city commissioners "ran the band wagon" over them—just as the legislature anticipated some city governments would do; and to restrain or avert as much as practicable such a course, the circumspect and methodical steps prerequisite and precedent to changes in zoning districts were prescribed by law. And since they were disregarded, the rezoning ordinance was a nullity, and the judgment of the district court must be affirmed. It is so ordered.