[No. 24711. Department One. August 24, 1935.]

THE CITY OF SEATTLE, *Respondent*, v. H. E. PROCTOR, *Appellant*.[1]

*Eimon L. Wienir* and *Preston, Thorgrimson & Turner*, for appellant.

*A. C. Van Soelen, John A. Logan*, and *C. V. Hoard*, for respondent.

GERAGHTY, J.—The appellant was found guilty in the police court of the city of Seattle of a violation of §5 of ordinance No. 43475 of that city. He appealed

[1]Reported in 48 P. (2d) 238.

to the superior court, where, after trial to the court, he was again found guilty and a fine imposed in accordance with the penalties prescribed in § 7 of the ordinance.

The errors assigned by appellant question the correctness of rulings made by the court excluding certain evidence offered by him, and challenge the validity of § 5 of the ordinance upon constitutional and other grounds.

The complaint upon which appellant was prosecuted charged:

"That on the 17 day of March, 1931, at the city of Seattle, in said King county, Washington, the said defendant did commit a misdemeanor—as follows, to-wit: Then and there being the said defendant did willfully and unlawfully advertise Women's coats for sale in the 'Buyers Guide' a newspaper of general circulation in the city of Seattle and in said advertisement stated that said coats had values up to Fifty & 00/100 Dollars and Seventy-five & no/100 Dollars and failed to state in such advertisement the number of such coats for sale and the lowest price at which each of said articles were offered for sale to the public prior to said advertisement, all of which is contrary to ordinance No. 43745, sections 5 & 7, of the city of Seattle, entitled 'An Ordinance relating to false and misleading advertising, defining of offenses, prescribing penalties, repealing ordinance No. 32243 and all other ordinances and parts of ordinances in conflict herewith and declaring an emergency,' approved May 15th, 1922, and against the public welfare, and good order of the city of Seattle."

Section 5 of the ordinance is as follows:

"It shall be unlawful to advertise for sale any lot of miscellaneous goods, wares or merchandise by using the statement 'values up to' a certain price, or any other statement of like import, unless such person shall specifically state in such advertisement the name and number of such articles and the lowest price at

which each of said articles was offered for sale to the public prior to said advertisement."

It will be noticed at the outset that appellant is not charged with any fraud or deceit in the advertisement referred to in the complaint, but with the failure to

". . . state in such advertisement the number of such coats for sale and the lowest price at which each of said articles were offered for sale to the public prior to said advertisement."

That the advertisement failed to state these facts, is admitted.

The trial court evidently was of the opinion that the only question involved was the validity of the ordinance; and that, in view of appellant's admitted failure to comply with the requirements of § 5, the evidence offered by him was immaterial, although the court received some of it.

The view we take of § 5 makes it unnecessary to discuss the court's ruling upon the evidence, other than to say that it correctly interpreted the language of § 5 as requiring unqualified compliance with its provisions.

The state constitution, § 11, article XI, provides:

"Any county, city, town or township, may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

Of this provision, we have said that it is a direct delegation of the police power as ample within its limits as that possessed by the legislature itself, and that it requires no legislative sanction for its exercise so long as the subject matter is local, and the regulation reasonable and consistent with the general laws. *Detamore v. Hindley,* 83 Wash. 322, 145 Pac. 462; *State ex rel. Lane v. Fleming,* 129 Wash. 646, 225 Pac.

647, 34 A. L. R. 500; *Manos v. Seattle*, 146 Wash 210, 262 Pac. 965; *Patton v. Bellingham*, 179 Wash. 566, 38 P. (2d) 364.

But while the cities of the state possess this large measure of power, in its exercise their ordinances must be reasonable in application, and the means employed must be adapted to the legitimate ends sought.

"A municipal ordinance of a regulatory nature in contravention of the natural rights of individuals enacted under general charter powers is not only required to be constitutional, but it must be reasonable as well; that is, the court before which it is brought must be able to see that it will tend to promote the public health, morals, safety or welfare; that the means adopted are adapted to that end, and that it is impartial in operation and not unduly oppressive upon individuals." 19 R. C. L. 805.

The above quotation is cited in *Horney v. Giering*, 132 Wash. 555, 231 Pac. 958, where the court held invalid an ordinance of the city of Seattle which provided that no person should drive or operate any vehicle so as to collide with or strike "against any person." In commenting upon this provision, the court said:

"It is the settled law in this state that a thing done in violation of a positive law is of itself negligence. Under the provisions of the ordinance referred to and the rule of law stated, the appellant, when his automobile struck the respondent, was guilty of negligence, no matter how careful the driver of the car may have been at the time. . . . It arbitrarily says, when read in connection with the rule of law above referred to, that when a vehicle strikes against a person, the owner or operator of the vehicle is guilty of negligence. Such a provision in an ordinance we think is unreasonable and oppressive and therefore void."

When tested by the foregoing standard, we are unable to escape the conclusion that § 5 is arbitrary

and unreasonable and has no proper relation to the purpose sought to be accomplished by the ordinance, as defined in its title, namely, the prevention of false and misleading advertising. We are unable to see what the giving of the number of articles to be sold can have to do with the truth or falsity of the representation of their value as given in the advertisement. The requirement that the advertisement state the lowest price at which each of the articles was offered for sale to the public prior to the advertisement, seems to us wholly arbitrary, unreasonable, and ordinarily impossible of being complied with. A merchant offering his goods for sale for the first time could not possibly comply with the ordinance. As in this case, a merchant may be prosecuted criminally not for any fraud, deceit or misrepresentation, but for failing to state the price at which each article of merchandise advertised was offered for sale before. Indeed, under the theory upon which he is prosecuted, appellant could have falsely stated former offerings at fictitious prices and be immune from prosecution. The right to advertise one's business is a valuable property right. While it is within the legislative power of the city to enact ordinances intended to protect the public against fraudulent and deceitful advertisements, it cannot, under the guise of regulation, impose arbitrary restrictions amounting to a denial of the right.

In *Ware v. Ammon,* 212 Ky. 152, 278 S. W. 593, the court held unconstitutional an act providing that no one should advertise as a dry cleaner until he had obtained permission from the state fire marshal to engage in business, saying:

"No right of the citizen is more valuable than the right to earn his livelihood in any lawful occupation, and this right is protected alike by the federal and state Constitutions. *Allgeyer v. State of Louisiana,* 165 U. S. 588, 17 Sup. Ct. 427, 41 L. ed. 382, 6 R. C. L. 260;

*Lawton v. Stewart Dry Goods Co.*, 197 Ky. 394, 247 S. W. 14, 26 A. L. R. 686. A necessary incident of this right is the further right to advertise one's business in any lawful and proper way. Of course, the right to carry on a lawful business is subject to regulation under the police power. That power, however, is not unlimited. The rule is that, in order to sustain legislative interference with the business of the citizen the court must be able to see that the act tends in some degree to promote the public health, morals, safety or welfare. In every case the means adopted must be reasonably necessary to accomplish that purpose, and should not be unduly oppressive upon the citizen. The determination of the legislature as to these matters is not conclusive, but is subject to the supervision of the courts, and, if the above prerequisites are wanting, a law imposing unreasonable restrictions on a lawful occupation will be held void. *Tolliver v. Blizzard,* 143 Ky. 773, 137 S. W. 509 [34 L. R. A. (N. S.) 890]; *Lawton v. Steele,* 152 U. S. 136, 38 L. ed. 388, 14 Sup. Ct. 499.''

Our conclusion that § 5 of the ordinance is unreasonable and arbitrary, and therefore invalid, makes it unnecessary for us to discuss the other objection to the section urged by appellant.

The decision is reversed, and the cause remanded with direction to dismiss.

MILLARD, C. J., TOLMAN, and MAIN, JJ., concur.

BEALS, J., (dissenting)—In my opinion, § 5 of the ordinance of the city of Seattle, which the majority hold invalid, constitutes a lawful and reasonable exercise of the city's legislative authority. The merchant knows the name and number of the articles which he proposes to offer for sale upon his bargain counter. If he be not required to state in his advertisement the number of the articles which he is so offering for sale, he may comply with the letter of his advertisement by placing two of the articles on the counter and at

the same time filling the counter with merchandise not described in the advertisement. It seems to me that this provision of the ordinance is easily complied with and accomplishes a good purpose.

If the goods which the merchant advertises had never previously been by him offered to the public, the advertisement may so state, and this would be a complete compliance with that provision of the ordinance requiring a statement concerning the lowest price at which the articles had previously been offered. This difficulty referred to by the majority being obviated, it seems to me proper to require the merchant to comply with the ordinance, in so far as the same requires a price statement.

I accordingly dissent from the conclusion reached by the majority.