STATE OF CONNECTICUT EX REL.
CHRISTY SPIROS
*vs.*
RUTH E. PAYNE, CITY CLERK

Superior Court     New Haven County     File No. 65090
(at Meriden)

MEMORANDUM FILED JULY 15, 1944.

*John M. Chapnick,* of New Haven, for the Plaintiff.

*Carl H. Mueller,* and *Edward M. Rosenthal,* of Meriden, for the Defendant.

MUNGER, J.  A zoning authority with power to regulate the use of buildings in cities is created by section 423 of the General Statutes, Revision of 1930.  The statute provides: "In each city or borough, except as otherwise provided by special act, such zoning authority shall be its board of aldermen, council or other duly constituted board, council or authority having power to adopt ordinances, rules or regulations for the government of such municipality."  The plaintiff in this action desired a restaurant permit for 71 West Main Street in Meriden and made application to the Liquor Control Commission on April 24, 1944.  This application was presented to the defendant for a certificate that the ordinances and by-laws of the City of Meriden do not prohibit the sale of alcoholic liquors in the location applied for.

The defendant has refused to issue this certificate on the ground that the premises where the liquor is to be sold are within 300 feet of another restaurant selling alcoholic liquors.  It is the contention of the defendant therefore that the certificate cannot issue because it would be a violation of the terms of the ordinance.

The parties have filed an agreed statement of facts.  From this stipulation it appears that the Common Council of the City of Meriden on October 4, 1937, adopted an ordinance regulating the use of buildings.  This ordinance is attached to the return of the respondent and it is admitted that it is a correct copy of the ordinance in question.  This ordinance upon its face is a zoning ordinance and is by its terms applicable to the use of premises on which alcoholic liquors are to be sold.  Both section 1 and section 2 of this ordinance begin with the words "in a business zone", and if it is not a zoning ordinance it is nothing.  It is apparent therefore that the City of Meriden by this ordinance intended to establish zon-

ing regulations. Section 425, chapter 29 of the General Statutes, Revision of 1930, expressly provides that before a zoning regulation shall be effective or established there shall be a public hearing in relation thereto held by the zoning authority or a committee at which the parties in interest shall have an opportunity to have a hearing. It further provides: "At least fifteen days' notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality." It is conceded that no such notice or publication as the statute requires was had before the adoption, on October 4, 1937, of the ordinance above referred to. There is, therefore, a plain failure to comply with the zoning act before adopting a regulation for the use of buildings under the authority expressly conferred by the zoning act above referred to.

The defendant concedes that the provisions of the zoning act were not complied with but it is said that this zoning act was in fact a by-law of the Common Council of the City of Meriden. It is further said that there was a notice published in the Meriden Morning Record on September 8, 1937, stating that a public hearing would be held on September 13, 1937, relative to a resolution presented to the Court of Common Council limiting places for the sale of liquor. The defendant says that the City had the power to pass the ordinance in dispute under its general police powers and it was not obliged to follow the regulations of section 425 of the General Statutes, Revision of 1930, above referred to. If this is true we should have an unfortunate state of facts. The City could establish zoning regulations, could limit the use of buildings and perform all of the other powers given to the zoning authority by the General Statutes merely by saying it was acting under its general police powers and therefore was not obliged to comply with any of the provisions as to the procedure required by the zoning act. It seems clear that this would leave matters in a state of the utmost confusion. If the City intends to act in matters proper to be regulated by the zoning authority, obviously it must follow that mandatory requirement of the statute. The ordinance in question, as before stated, is nothing else than a zoning regulation and it cannot be held to be a valid exercise of zoning authority by calling it a by-law enacted under the general police powers of the City. See *Whittemore vs. Town Clerk of Falmouth,* 299 Mass. 64, 12 N.E. (2d) 187; *Ford vs. City of Hutchin-*

*son,* 140 Kan. 307, 37 Pac. (2d) 39; *Strain vs. Mims,* 123 Conn. 275; *National Transp. Co. vs. Toquet, id.* 468.

The issues must be found for the plaintiff and it is adjudged that a peremptory writ of mandamus shall issue addressed to the defendant who shall certify the application of the plaintiff.