[Civ. No. 6798. Fourth Dist. Dec. 7, 1962.]

LEONARD CORPORATION et al., Plaintiffs and Respondents, v. CITY OF SAN DIEGO, Defendant and Respondent; FRANK R. WILKINSON et al., Interveners and Appellants.

O'Connor & Weathers, Karpinski & Silverberg and Charles Elwyn Karpinski for Interveners and Appellants.

Rubin, Seltzer & Solomon and Herbert J. Solomon for Plaintiffs and Respondents.

· No appearance for Defendant and Respondent.

GRIFFIN, P. J.—Plaintiffs and respondents, Leonard Corporation and Liston Corporation, owners and builders, brought this declaratory relief action against the City of San Diego, a municipal corporation, involving a zoning dispute over certain lands denominated Point Loma Estates Unit No. 3, terminating January 16, 1961 in a judgment for the owners and builders, Leonard Corporation and Liston Corporation, without the adjacent landowners in the subdivision known as Point Loma Estates Unit No. 2 being joined. On March 13, 1961, a few months after the judgment, but before it became final, interveners and appellants, the adjacent landowners, Frank R. Wilkinson and wife, individually and in a claimed representative capacity of the other landowners, filed motions as interveners, asking that plaintiffs be compelled to join them as interveners, either on the grounds that they were indispensable parties or conditionally necessary parties under Code of Civil Procedure, section 389. This and other motions were denied and the interveners appeal from the following orders: (1) Order denying motion for an order directing plaintiffs to join interveners as parties to the action. (2) Order denying motion to vacate and set aside judgment. (3) Order denying motion for a new trial. (4) Order denying motion for temporary injunction.

The question presented is whether the interveners were entitled to intervene at that time and whether they should have been joined as parties because they purportedly were either indispensable parties or conditionally necessary parties, and whether the motions listed above should have been granted.

### FACTS

On May 1, 1959, the city passed an ordinance (No. 7855) which concerned certain pueblo lands and provided that said lands should be rezoned from R-1 to R-4, but only after a subdivision map was filed and other conditions were met by the owners. The ordinance further provided that the subdivision map must be filed within one year subsequent to the date of the ordinance. The land would be zoned R-4 at the time of filing of the subdivision map. (The ordinance became effective 31 days after its enactment; consequently, the one-year time period in which to file the map expired June 1, 1959.) The subdivision map was not filed within the one-year period, and pursuant to the owners' request, the city council, on June 4, 1959 (after the year had expired), adopted a new ordinance (No. 8121) extending to June 1, 1960 the period within which the map could be filed, the property subdivided and other

conditions satisfied. No notice of hearing was published or posted prior to the enactment of this latter ordinance. The land in question was later designated Point Loma Estates No. 3. Meanwhile, in June 1959, the builders had subdivided and sold homes on adjacent lands designated Point Loma Estates No. 2. The interveners are purchasers of the homes in the Point Loma Estates No. 2 tract which is zoned R-1. The city, on December 29, 1959, passed a third ordinance (No. 8221) declaring that the Point Loma Estates No. 3 tract would remain R-1 and not be rezoned to R-4 as requested by the owner and as provided for in the prior ordinance.

The plaintiffs then brought this action against the city for declaratory relief. By its answer, the city asserted that the ordinance (No. 8121) extending the period of time in which the owner could file the subdivision map was invalid by reason of the action having been taken without a public hearing and without notice and that as a result the property was in fact properly classified as being in an R-1 zone.

The trial court, on January 16, 1961, held for the plaintiffs on the conclusions that the ordinance (No. 8121) was valid and that public notice was not necessary; that the city was estopped; and that the land became zoned R-4 under the acceptance of the subdivision map by the city on July 22, 1959. Plaintiffs had done considerable grading, sidewalking and other improvements on the subdivision and the court held the city was estopped to deny the validity of the ordinance. The city did not appeal from the judgment.

Thereafter, on March 13, 1961, the interveners sought to be joined and made the motions above referred to. By affidavits, the interveners state that had they known that the area in question here, Point Loma Estates No. 3, was to be developed for R-4 uses, they would not have purchased their homes in the adjacent Point Loma Estates No. 2 tract; that the owner-salesman of the No. 2 tract represented that Point Loma Estates No. 3 was zoned R-1 and that the developer planned to develop it as a residential zone. This was denied by other affidavits. They argue that they were indispensable parties, in which case the judgment was void and should have been vacated; or, in the alternative, that they were conditionally necessary parties, in which case prior to the finality of the judgment, it was voidable, and the method used by appellants being proper it should have been vacated. (*Schofield* v. *City of Los Angeles,* 120 Cal.App. 240 [7 P.2d 1076] ; *Wolpe* v. *Poretsky* (79 U.S.App. D.C. 141) 144 F.2d 505;

550

*Tustin Heights Assn.* v. *Board of Supervisors,* 170 Cal.App.2d 619 [339 P.2d 914] ; *Bank of Cal.* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879] ; *Orange County Water Dist.* v. *City of Riverside,* 173 Cal.App.2d 137 [343 P.2d 450] ; *Wags Transportation System* v. *City of Miami Beach* (Fla.) 88 So.2d 751; *Marotta* v. *Board of Appeals of Revere,* 336 Mass. 199 [143 N.E.2d 270] ; 46 Cal. Law Review, p. 100.)

Appellants' contention that they were indispensable parties under the facts related is not supported by the authorities. Code of Civil Procedure, section 389, as amended in 1957, recites : ''A person is an indispensable party to an action if his absence will prevent the court from rendering any effective judgment between the parties or would seriously prejudice any party before the court or if his interest would be inequitably affected or jeopardized by a judgment rendered between the parties.''

*Lushing* v. *Riviera Estates Assn.* (1961) 196 Cal.App.2d 687 [16 Cal.Rptr. 763], held that other lot owners were not indispensable or conditionally necessary parties for determination of a controversy between the corporation, which had authority under subdivision restrictions to approve or disapprove plans and specifications of proposed dwelling houses and owner of portion of lot as to whether owner had the right to build dwelling on such portion. The instant action was an action by plaintiff to declare valid a certain ordinance of the City of San Diego and to declare that the city was estopped from otherwise contending. Appellants were not indispensable parties to such an action. (*Bowles* v. *Superior Court,* 44 Cal.2d 574 [283 P.2d 704].) In *Everfresh, Inc.* v. *Goodman,* 131 Cal.App.2d 818, 820 [281 P.2d 560], it was held that indispensable parties: ''. . . are those without which 'a complete determination of the controversy cannot be had.' ''

 If interveners were indispensable parties, then it might well be said that every home owner on adjacent subdivisions in Point Loma was an indispensable party who might claim some injury or loss by reason of the zoning ordinance. The court, under the controversy before it, could make a complete determination of the issues there presented, i.e., validity of the ordinance as it affected the plaintiffs' rights, without regard to other property owners in other subdivisions. We conclude that interveners were not indispensable parties as a matter of law.

Code of Civil Procedure, section 389, *supra,* further provides that : ''A person who is not an indispensable party but whose

joinder would enable the court to determine additional causes of action arising out of the transaction or occurrence involved in the action is a conditionally necessary party."

The argument that it was mandatory on the part of the trial judge to reopen the case, under the theory that appellants were conditionally necessary parties, and order plaintiff to bring in interveners as parties thereto under the circumstances related is not borne out by the authorities.

■ In 37 Cal.Jur.2d 322, § 7, the subject is discussed, and it is there said: "The court will usually require necessary parties to be joined unless it is impossible to find them, or impracticable to bring them in. But it is a matter of *discretion* whether or not to proceed without them, and prohibition does not lie." [Emphasis added.]

(Citing *Morrow* v. *Superior Court,* 9 Cal.App.2d 16 [48 P.2d 188, 50 P.2d 66] ; *First Nat. etc. Bank* v. *Superior Court,* 19 Cal.2d 409 [121 P.2d 729] ; *Bowles v. Superior Court, supra,* 44 Cal.2d 574.) See also 2 Witkin, California Procedure 1050, § 72 et seq., where it is said:

"The indispensable party doctrine operates harshly on parties before the court, and the situations in which it applies are few. In the *Bank of California* case, *supra* [16 Cal.2d 516 (106 P.2d 879)], the court cautioned against the common blunder of regarding any 'necessary party' as 'indispensable,' and observed that 'we should . . . be careful to avoid converting a discretionary power or a rule of fairness in procedure into an arbitrary and burdensome requirement which may thwart rather than accomplish justice.' "

The purpose of the new enactment in reference to a conditionally necessary party is fully discussed in 1 California Law Revision Commission Reports (1957) on pages M-9 to M-21, and it clearly shows that this section makes it a matter of discretion whether they be brought in. To the same effect is *Peabody Seating Co.* v. *Superior Court,* 202 Cal.App.2d 537 [20 Cal.Rptr. 792] ; *First Nat. etc. Bank* v. *Superior Court, supra,* 19 Cal.2d 409 ; *Morrow* v. *Superior Court, supra,* 9 Cal.App.2d 16.

■ It has been held that one not a party to the action, whose rights and interests are injuriously affected by a judgment, may become a party by making a motion to set it aside. (*Gardner* v. *Trevaskis,* 158 Cal.App.2d 410 [322 P.2d 545].)

■ It is apparent that if the application only amounts to a request for intervention, as appellants have labeled it, under Code of Civil Procedure, section 387, intervention is not per-

mitted after the trial has been concluded and judgment entered. (1 Cal. Pleading, § 668, p. 561.) See also *Braun* v. *Brown,* 13 Cal.2d 130 [87 P.2d 1009].

Appellants also argue that since these interveners, with others, have subsequently filed another action for declaratory relief, for damages and injunctions against these plaintiffs and the City of San Diego, alleging ownership of certain lots, and that if the zoning ordinance is sustained by the decrees herein they will suffer great damage through depreciation of the value of their property, the order not allowing them to intervene in the instant action would be res judicata in that action.

We are not here confronted with this question. That determination is not a necessary issue in the instant case.

Under the reasoning set forth, and there being no apparent abuse of discretion in denying plaintiffs the right to intervene in the instant case, the appealable orders must be affirmed.

Orders affirmed.

Shepard, J., and Coughlin, J., concurred.