Robert McGahan *et al.*

*v.*

The People *ex rel.* Charles S. Deneen, State's Attorney.

*Opinion filed October 24, 1901.*

. 1.  QUO WARRANTO—*when information should not be deemed a private suit.*  If an information in the nature of *quo warranto* to test the legality of village organization is signed by the State's attorney, and purports to have been filed by him on behalf of the People, the fact that the people of the community affected employed counsel to assist in the prosecution does not require the dismissal of the information as having been brought by private parties.

2.  SAME—*in quo warranto the burden of proof is upon the respondents.*  Where the question on information in the nature of *quo warranto* is whether the territory organized into a village contained the requisite number of inhabitants, the burden is upon the respondents to prove the affirmative, and the People are not required, in the first instance, to prove anything.

Appeal from the Circuit Court of Cook county; the Hon. John C. Garver, Judge, presiding.

Wheelock & Shattuck, for appellants.

Charles S. Deneen, State's Attorney, and Gregory, Poppenhusen & McNab, (Conrad H. Poppenhusen, of counsel,) for appellee.

Mr. Justice Carter delivered the opinion of the court:

This was an information in the nature of a *quo warranto*, filed December 15, 1898, by the State's attorney of Cook county, in the circuit court, against Robert Mc-Gahan, Moses Doyle, George Airey, John Burke, Cyrus Michelson, John Aggen and Martin Simon, charging that they held and do now hold and execute, without authority of law, the offices and corporate name of president and board of trustees of the pretended village of Mt. Greenwood, and that they unlawfully assume, as such president and board of trustees, without grant or charter, to be a body politic and corporate by the name of "Village of Mt. Greenwood," and to exercise the powers granted by the act for the incorporation of cities and villages, and calling upon them, said respondents, to answer and show by what authority they assume to hold and execute said offices and to assume such corporate name. The respondents filed a plea, in which they averred that in pursuance of the provisions of the act for the incorporation of cities and villages thirty legal voters resident within certain territory (describing it) within the township of Worth, in Cook county, not exceeding two square miles and not included in any incorporated town, city or village, and having a population of three hundred inhabitants and upwards, did on the 29th day of July, 1898, present to the county judge of said county a petition to cause to be submitted to the legal voters of such territory the question whether or not they would organize as a village under said act. The plea then averred the

calling of the election to be held on the first day of September, 1898, the holding of the election, and that the majority of the votes cast thereat were found, on the count and canvass thereof, to be in favor of said organization, and that said respondents were at said election duly elected trustees of said village and said respondent McGahan was duly elected president of said village; that they took the oath of office prescribed by the statute and thereupon entered upon the discharge of their official duties. The plea set up the various proceedings required by sections 5, 6, 7 and 8 of article 11 of the act for the incorporation of cities and villages. (Hurd's Stat. 1899, p. 289.) Replication was filed, a jury was waived and the cause went to trial before the judge of said court, and on November 10, 1900, a judgment of ouster was rendered against them and the said village, ousting them of their said offices and the village of its assumed corporate powers and franchises.

A motion was made by the respondents to dismiss the information, because, as it was insisted, it was filed by private parties, and not by the Attorney General or State's attorney. The information is signed by the State's attorney, and purports to have been brought and filed by him on behalf and in the name and by the authority of the People of the State, and no sufficient proof was made that the proceeding was different from what it purported to be,—that is, one begun in good faith by a public officer on behalf of the People. The interests involved were public, and the mere fact that the people of the community affected became interested and employed counsel to assist in the prosecution does not bring the case within the class condemned by this court in *People* v. *North Chicago Railway Co.* 88 Ill. 537. As said in that case, "the court below, in the exercise of its discretion, was authorized to take into consideration the circumstances showing the character of the proceedings." We find no cause to disturb the finding of the court below on this question.

The real question tried and on which the case depended was, whether the territory organized as a village contained at the time three hundred inhabitants, and the burden was on the respondents to prove that it did. The People were not required, in the first instance, to prove anything. (*Kamp* v. *People ex rel.* 141 Ill. 9; *People ex rel.* v. *City of Peoria*, 166 id. 517.) The evidence tended to prove that certain persons desiring to obtain licenses to keep saloons, and for that purpose to cause a village to be incorporated, caused an enumeration to be made by one Ketcham, and reported the number of inhabitants in the territory to be so organized to be three hundred and twenty. It is clear from the evidence that this enumeration was fraudulent and that the territory did not contain as many as three hundred inhabitants. Ketcham did not see all the people whose names he took, but took the number in each family as they were given to him by some member of the family. He testified that one Cunningham reported fifty-eight names as members of his family residing in the territory to be incorporated; one Flynn, sixty-five; one Galvin, forty-three; one McElligott, twenty-three; and the respondent McGahan, forty. These men kept saloons and boarding houses in the territory, but it appears that the greater number of the persons so reported by them as residents did not and never did reside there. On the whole proof it appeared that said territory contained less than three hundred inhabitants and that the village was illegally organized.

Complaint is made that the court below erred in admitting in evidence, over the objection of respondents, a school census taken of the inhabitants of the territory. It is unnecessary to consider this question, inasmuch as, independently of this enumeration, the respondents failed to prove that the territory in question contained the required number of inhabitants.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*