No. 19,106.

THE STATE OF KANSAS, ex rel. JOHN S. DAWSON, as
Attorney-general, etc., *Appellant,* v. THE CITY OF
ATCHISON, *Appellee.*

SYLLABUS BY THE COURT.

CITY ORDINANCE—*Presumptions of Validity.*  Where an ordi-
nance which has been regularly passed by a city council and
approved by the mayor is offered in evidence, and the validity
of such ordinance depends upon the existence of one or more
facts at the time of the enactment thereof, the existence, and
not the nonexistence, of the necessary facts to sustain the
validity of the ordinance should be presumed in the absence
of evidence to the contrary.

Appeal from Atchison district court; WILLIAM A.
JACKSON, judge.  Opinion filed May 9, 1914.  Af-
firmed.

*John S. Dawson,* attorney-general, *B. P. Wag-
gener,* of Atchison, and *A. E. Crane,* of Holton, for the
appellant.

*Walter E. Brown,* and *Thomas A. Moxcey,* both of
Atchison, for the appellee.

The opinion of the court was delivered by

SMITH, J.:  This action was brought in the name of
the state of Kansas, on the relation of the attorney-
general, to oust the city of Atchison from exercising
certain powers it had assumed to exercise in the pas-
sage of ordinance No. 3096.  The ordinance purports
to annex sixty-five acres of land to the city, which
power it is alleged was not authorized by law but was
usurped.  The relief asked for, as stated by the ap-
pellant, is:

"The prayer of said petition was that the said City
be required to answer all such matters; that it might
be ousted forever from the exercise of said usurped
corporate powers, and that its said action in the pas-

The State, *ex rel.*, v. City of Atchison.

sage of said ordinance, and attempt to annex said sixty-five acres of land to the City of Atchison, as a part thereof, should be annulled and held void, and in excess of its corporate power."

The city, in its answer, admitted that it was a city of the first class, as alleged by the appellant; that it had all the powers of such a city, and that included in such powers was the power to annex to the city unplatted lands which lie within or mainly within the city, and that the 65-acre tract described in the petition was unplatted land and lies mainly within the city of Atchison. The entire boundary of the 65-acre tract is set forth, with the length in feet of the several boundary lines.

To this answer a demurrer was filed, particularly to the third paragraph describing the metes and bounds of the tract. The demurrer was overruled.

Thereupon a reply was filed which contained a general denial except as to facts previously admitted. The reply further alleged that the boundary lines of Atchison, as described in the answer, had never, previous to the passage of ordinance No. 3096, been established by any legal or valid ordinance and that said ordinance was therefore void.

The case was tried to the court without a jury. The appellant, assuming the burden of proof, introduced evidence tending to show that the 65-acre tract of land had been laid off in lots, blocks, streets and alleys in 1860, but that by proper proceedings by the board of county commissioners the tract was expunged from the record and restored to its former condition of unplatted land; also evidence tending to show that more than one-half of the boundary of the 65-acre tract did not consist of the boundary lines of the city prior to the passage of ordinance No. 3096, except as the same were attempted to be changed by ordinance No. 3074 and ordinance No. 3096. To this evidence the city interposed a demurrer, which was overruled.

The appellant produced in evidence ordinance No. 3096. Thereupon the appellee offered in evidence ordinance No. 3074, to which objection was made that it was incompetent and immaterial and because the ordinance itself showed that it was not passed in pursuance of any law of the state. No foundation was laid for the introduction of the ordinance, nor was there any evidence tending to show any invalidity therein. This objection was overruled and the ordinance read in evidence. Appellee thereupon introduced as a witness one Altman, who testified that he was city engineer of the city of Atchison, and produced a plat which he testified he had prepared from descriptions he got at the courthouse. Whereupon the following questions were asked and answers returned:

"Q. What, if any, ordinance did you use in defining the boundaries of the city? A. The ordinance prepared before 3096.

"Q. 3074? A. Yes, sir.

"Q. This plat shows the boundaries of the city drawn by you from that ordinance? A. Yes."

There was no evidence showing the boundaries of the city except ordinances Nos. 3074 and 3096, and the plat made therefrom by the city engineer. Appellant thereupon filed a motion for judgment in its favor, which was denied.

In 2 Dillon, Municipal Corporations, 5th edition, section 649, it is said:

"It will be presumed that an ordinance is valid and the burden of proving its invalidity is on the person asserting it."

The ordinance could only be valid if one of the conditions prescribed by section 872 of the General Statutes of 1909 existed; hence the presumption of validity carries with it a presumption of the existence of such condition. The presumption that the ordinance is valid is not conclusive, but is sufficient to cast upon appellant

28—92 KAN.

the burden of proving its invalidity. No evidence whatever being offered, the court did not err in admitting the ordinance in evidence. The ordinance, No. 3074, described the boundaries of the land thereby annexed to the city, and thereby furnished the basis for the enactment of ordinance No. 3096.

We have not overlooked the contention of appellant that in a quo warranto proceeding, as in the case of *McGahan v. The People*, 191 Ill. 493, 61 N. E. 418, the burden of proof is upon the respondent. In this case the introduction of ordinance No. 3074 met the requirement, and the burden of proof, as we have seen, shifted upon the appellant.

The court made findings of fact which, in substance, gave the boundaries of the tract annexed by ordinance No. 3096; that it contained 65 acres, more or less, and was unplatted; that ordinance No. 3074 defined the boundaries of the city just prior to the passage of ordinance No. 3096, and, in substance, that ordinance No. 3074 defined the boundaries of the city so that the boundary of the 65-acre tract in its entire length was 7290 feet, of which 4645 feet was coextensive with the boundary of the city of Atchison immediately prior to the passage of ordinance No. 3096; that the 65-acre tract of land lies mainly within the city of Atchison, and in effect that ordinance No. 3096 was duly passed, signed and published.

As conclusions of law, the court found that ordinance No. 3096 was duly passed and is a valid ordinance of the city, and the city had the power to adopt such ordinance; that the annexation of the 65-acre tract of land by ordinance No. 3096 was legal and valid, and not in excess of the power of the city. Judgment was rendered for the defendant. Motion for new trial was overruled.

The principal question in this case seems to be when the validity of only one ordinance of the city is attacked, and its validity depends upon the validity of a

prior ordinance, whether the burden is imposed upon the city to establish the validity of the prior ordinance which is not attacked. If so, it may be said the validity of the prior ordinance may depend upon the validity of an ordinance prior thereto, that the city must establish the validity of each sustaining ordinance so long as the validity of each ordinance depends upon the validity of a prior ordinance. The converse is that the validity of a sustaining ordinance, regularly passed, approved and published, is to be presumed until the validity thereof is impeached.

The petition in this case admitted the legal existence of the city of Atchison, and it is contended by appellee that such admission admits the corporate boundaries of the city except so far as such boundaries are put in issue. On the other hand, the appellant claims, in substance, that its allegation that the city had no authority to annex land attempted to be annexed by a certain ordinance, the validity of which depends upon the validity of a prior ordinance, 'the burden rested upon the city to establish the validity of the antecedent ordinance. In appellant's supplemental brief it is asserted that "the act of the territorial legislature of 1858, incorporating the city of Atchison, specially defined its boundary, and, nothing further appearing, each ordinance, No. 3074 and No. 3096, was void."

If this be true it might be necessary to sustain the validity of ordinance No. 3096, which only is attacked, to establish the validity of every ordinance affecting the corporate boundaries of the city which has been enacted since 1858. This would impose an unnecessary burden upon the city.

No specific facts are alleged in the petition as to the invalidity of any prior ordinance, and the relief prayed for, as we have seen, relates only to ordinance No. 3096.

The judgment is affirmed.