(613 P.2d 676)
No. 50,958

BOARD OF COUNTY COMMISSIONERS OF LINCOLN COUNTY, KANSAS, *Appellant,* v. WILLIAM H. BERNER, ROBERT D. BERNER, & JEAN BERNER d/b/a BILLS & BOB'S TRADING POST, *Appellees.*

Opinion filed June 27, 1980.

*Susan Marshall,* county attorney, and *Sheldon E. Morton,* former county attorney, for appellant.

*Michael S. Holland,* of Russell, for appellees.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

MEYER, J.: This case involves a declaratory judgment regarding the validity of a zoning ordinance. The trial court declared the zoning ordinance invalid and the Board of County Commissioners of Lincoln County, Kansas (appellant), appeals. The appellees are William H. Berner, Robert D. Berner, and Jean Berner, d/b/a Bills & Bob's Trading Post.

Appellant established the Lincoln County Planning Board to

consist of nine members. By resolution dated July 7, 1969, appellant appointed the nine members of the Lincoln County Planning Board. Five of the appointed board members lived outside the corporate limits of any city in the county. The minutes of the planning board show that the board members met on July 23, 1969, and elected a chairman and a secretary. The minutes also set the meeting time and place for the future. The planning board held a public meeting on February 7, 1974, concerning its tentative recommendations for the Wilson Reservoir zoning. The notice of meeting was published on January 3 and 10, 1974. The notice was adequate as to its content. (K.S.A. 19-2920.) On May 28, 1974, the planning board adopted an "official acceptance of the Comprehensive Plan" for Lincoln County. Five members were present. The minutes show that the motion to accept the comprehensive plan was seconded and carried. The minutes do not show the vote. On July 1, 1974, appellant passed a resolution incorporating the comprehensive plan and zoning regulations as adopted by the planning board. In August, 1978, appellant filed a petition for declaratory judgment, asking the court to find the zoning regulations were validly enacted. The trial court held that the zoning regulations were invalid since appellant did not comply with certain statutory requirements in enacting the regulations.

Broadly stated, the issue herein is whether the planning board and the board of county commissioners failed to comply with mandatory provisions of the enabling statute.

The appellant challenges the court's findings of fact, stating either that they were not supported by substantial competent evidence, or that the failure to comply with the particular statutory requirement did not invalidate the procedure for adopting the plan. Hence appellant challenges both the findings and the conclusions of law made by the trial court.

Since the central issue herein is whether the board of commissioners failed to comply with mandatory statutory provisions, we will discuss each of the disputed findings of fact separately.

    I.   No resolution was passed fixing the time and place of the meetings.

K.S.A. 19-2916 provides in part:

"The members of the planning board shall meet at such time and place as they may fix by resolution and all records of said meetings and proceedings shall be kept in the office of the county clerk and shall be open to public inspection."

It is evident from the transcript that the trial judge was concerned that no formal resolution was passed fixing the time and place for future meetings. However, the minutes of the planning board's meeting clearly reflect that it voted on a motion setting the meeting time and place for future meetings as the second Thursday of each month at 8:30 p.m. We conclude that the vote on such a motion was sufficient to comply with the requirement for a resolution. Furthermore, a public hearing was held by the planning board in which the plan was discussed. The special meeting which was called for a time other than that fixed by the planning board was only for the purpose of taking final action on the plan. There is no need for a public notice of such meeting given the fact that the public was duly informed of the open meeting at which the plan had been discussed. Therefore, since the May 28, 1974, meeting was only to act on a plan theretofore discussed and considered at a public meeting, notice thereof was not required.

     II.   The adoption of the plan was not by resolution carried by not less than a majority vote of full membership of the board.

K.S.A. 19-2916a provides in part:

"The adoption of the plan, or part thereof, shall be by resolution carried by not less than a majority vote of the full membership of the board."

The minutes for the meeting of May 28, 1974, at which the plan was adopted by the planning board, show that five members out of the nine members appointed to the planning board were present, and that the comprehensive plan had been adopted. The trial court concluded that in order for the record to show that the statute was complied with, the minutes would have to show there was a unanimous vote. While counsel for appellant admitted he could not prove that there was a unanimous vote, the burden was on appellee to overcome the presumption of regularity attending the planning board's action.

"Where an ordinance which has been regularly passed by a city council and approved by the mayor is offered in evidence, and the validity of such ordinance depends upon the existence of one or more facts at the time of enactment thereof, the existence, and not the non-existence, of the necessary facts to sustain the validity of the ordinance should be presumed in the absence of evidence to the contrary. (Following *State, ex. rel., v. City of Atchison,* 92 Kan. 431, 140 Pac. 873.)" *Truck-Trailer Supply Co., Inc. v. Farmer,* 181 Kan. 396, Syl. ¶ 1, 311 P.2d 1004 (1957).

In *State, ex. rel., v. City of Hutchinson,* 109 Kan. 484, 487, 207 Pac. 440 (1921), it was held that the presumption that a city complied with the law in passing an ordinance will not be overthrown except by clear and convincing evidence. Accord, *Truck-Trailer Supply Co., Inc. v. Farmer,* 181 Kan. at 399.

In *Matthews v. Fayette County,* 233 Ga. 220, 210 S.E.2d 758 (1974), the court held that it was not necessary that the minutes contain the number of votes in favor of the adoption on the grounds that the presumption in favor of the regularity of enactment would require proof to the contrary in order to overcome the presumption.

Under K.S.A. 19-2916, "[a] majority of the board shall constitute a quorum for the transaction of business." Five out of nine members constituted a quorum and also constituted the number required to adopt the comprehensive plan. The burden of proof was on appellees to show that all five members did not vote for the plan. Appellees did not sustain their burden.

    III.   There was no published notice of the May 28, 1974, meeting each week for two consecutive weeks.

K.S.A. 19-2916a provides in part:

"Before the adoption, amendment or extension of the plan or portion thereof the board shall hold at least one public hearing thereon, notice of the time and place of which shall be published once each week for two (2) consecutive weeks in the official county newspaper, which hearing shall be held not less than twenty (20) days after the last publication. Such hearing may be adjourned from time to time."

This notice requirement was complied with. The statute does not state that notice of the meeting in which the plan is adopted shall be published, rather the statute only requires notice of the public hearing thereon.

Appellees argue that a requirement of notice should be implied in order to meet due process requirements. Several cases have implied notice and hearing requirements when the rights of an individual were affected by the challenged action. See *Urban Renewal Agency v. Naegele Outdoor Advertising Co.,* 208 Kan. 210, 216, 491 P.2d 886 (1971); *Rydd v. State Board of Health,* 202 Kan. 721, 729-30, 451 P.2d 239 (1969).

Notably in a recent decision by the Supreme Court (*Reeves v. Board of Johnson County Comm'rs,* 226 Kan. 397, 403, 602 P.2d 93 [1979]), the court implied a public hearing and notice re-. quirement not found in the statute. The court held that prior to making a recommendation regarding a zoning regulation amend-

ment, a township zoning board must conduct a public hearing after giving the statutory notice. The notice and hearing requirement was imposed as the court noted that comparable statutes required a public hearing with notice before zoning amendments and the court could see no reason why the requirements for public hearings should be different for township, city or county zoning amendments. Further, the court noted that the public hearing prior to the planning board making its recommendation to the county commissioners was the best opportunity for public opposition to be heard.

It is clear that K.S.A. 19-2616a provides for a public hearing prior to the planning board making its recommendation to the county commission. That provision was complied with.

In *Houston v. Board of City Commissioners,* 218 Kan. 323, Syl. ¶ 4, 543 P.2d 1010 (1975), the court held that notice and hearing before the city commission's adoption of a zoning ordinance was not required, provided hearings were had by the planning commission:

"K.S.A. 12-708 as amended requires notice and a public hearing before the planning commission on a proposed zoning change. Where the statutory requirements are fully met and a full and complete record of the substance of planning commission proceedings is before the governing body, due process does not require the governing body to conduct a second public hearing on the advisability of the proposed change."

In view of the holding in *Houston,* we conclude that notice and hearing are not required by due process for the meeting in which the plan is adopted by the planning board, provided there was notice and a public hearing prior to the said meeting of adoption.

IV. No attested copy of the plan was certified to the board of county commissioners.

K.S.A. 19-2916a provides in part:

"After the adoption of the comprehensive plan, or part thereof, an attested copy shall be certified to the board of county commissioners and to all other legislative and administrative agencies affected by the plan."

The county commissioners had a copy of the plan adopted by the planning board, but said copy was not attested. However, since the commissioners attended the meeting at which the plan was adopted, thereby knowing the same to be actually what was adopted, we conclude that the failure of attestation on said copy

is a ministerial omission and cannot be held to invalidate the proceedings.

     V.   The Lincoln County Board of County Commissioners made no determination of the number of public hearings to be had on the Wilson Reservoir zoning recommendations.

K.S.A. 19-2920 provides in part:

"The planning board shall make and develop tentative recommendations and shall hold one or more public hearings thereon as the board of county commissioners shall determine."

The trial court construed this part of the statute to require the board of county commissioners to make a determination of the number of public hearings to be had on the zoning recommendations. This does not appear to us to be a requirement of the statute. Rather what is meant is that if the commissioners determine that more than one shall be required, then more shall be held.

    VI.   The planning board did not prepare and adopt its recommendations on the Wilson Reservoir zoning in the form of a proposed zoning regulation and submit it, together with a record of the hearings thereon, to the board of county commissioners.

K.S.A. 19-1920 provides in part:

"Such hearings may be adjourned from time to time and upon the conclusion of the same, the planning board shall prepare and adopt its recommendations in the form of a proposed zoning resolution and shall submit the same, together with a record of the hearings thereon to the board of county commissioners . . . ."

The planning commission did not formally submit the plan to the board of county commissioners. The record before us does not show that the planning commission submitted a record of the public hearing either.

However, on the motion to alter and amend judgment, appellant's counsel stated that the county commissioners attended all of the meetings of the planning commission. Further, the minutes for the public hearing reflect that there were no dissenters to the plan and that the consulting firm went over their proposed plan and answered questions. It was this plan of the consulting firm that was adopted by the planning commission and which was passed by resolution of the county commission.

In *County of Santa Barbara v. Purcell, Inc.,* 251 Cal. App. 2d 169, 59 Cal. Rptr. 345 (1967), the court held a zoning ordinance

was valid even though the report of the planning commission was not accompanied by a summary of hearings. The court noted that no factual conflict developed at the hearing, and the court held that the report was sufficient, as it indicated that testimony was presented by property owners in favor of the proposed zoning regulations. The court applied the presumption of regularity of official acts.

While concededly the failure to submit a written report from the planning board to the commissioners did not follow the requirements of the statute, we conclude that no substantial rights were jeopardized thereby, considering the fact the commissioners were present at the hearing. We conclude no substantial rights were violated because of the fact the commissioners had the same information, albeit orally, that they would have had, had a copy of the record been submitted to them.

VII.   That the planning board did not recommend to the commissioners the boundaries of the Wilson Reservoir zoning district and appropriate regulations to be enforced therein prior to the creation of the district.

The board of county commissioners had before it the proposed plan adopted by the planning board. In that plan, boundaries and appropriate regulations are set out. This complies with the statutory requirement of K.S.A. 19-2920, which is as follows:

"Before any county shall create any zoning district or regulate or restrict the use of buildings or land therein, the board of county commissioners shall require the planning board to recommend to the county commissioners the boundaries of districts and appropriate regulations to be enforced thereon."

VIII.   That a land use study was not made by the planning board prior to the regulations for the Wilson Reservoir zoning district.

Appellant claims that a land use study was made. No formal evidence of a land use study was introduced at trial. The court placed the burden on appellant to show that a land use study was made. But it was appellees' burden to show that said study was not made in view of the presumption of validity of the ordinance. The trial court erred in making a finding that no land use study was made, as there was no competent evidence to sustain this finding.

In summary, the areas in which the record shows action not in strict compliance with statutory provisions are as follows:

1. No resolution was drafted when the plan was adopted.
2. The copy of the plan was not attested.
3. A record of the hearings was not submitted to the county commissioners.

The question remains whether these violations were such as to require voiding the ordinance.

"The power of the city government to change the zoning of property can only be exercised in conformity with the statute . . . ." *Ford v. City of Hutchinson,* 140 Kan. 307, 311, 37 P.2d 39 (1934).

The court in *Ford* noted that the purpose of the methodical steps prerequisite and precedent to changes in zoning districts was to restrain or avert as much as practicable the city commissioners from "running the band wagon" over citizens.

"The general rule is that the enactment of a zoning ordinance must strictly pursue the procedure provided by the statute enabling the city to zone." *Koppel v. City of Fairway,* 189 Kan. 710, 713, 371 P.2d 113 (1962).

The Kansas courts have made a distinction between mandatory and directory provisions of the statute. The rules were stated in *Paul v. City of Manhattan,* 212 Kan. 381, 511 P.2d 244 (1973).

"In determining whether a legislative provision is mandatory or directory, it is a general rule that where strict compliance with the provision is essential to the preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time within which an official act is to be done, and is intended to secure order, system and dispatch of the public business, the provision is directory." Syl. ¶ 1.

"Factors which would indicate that a statute or ordinance is mandatory are: (1) the presence of negative words requiring that an act shall be done in no other manner or at no other time than that designated, or (2) a provision for a penalty or other consequence of noncompliance." Syl. ¶ 2.

In *Paul,* there were two stages of the procedure which failed to conform to the requirements of the city ordinance. In one instance the application submitted to the planning board did not have appended either a plat or a certified list of the property owners residing within 200 feet of the property. Said documents were supplied by the actual hearing date. The other objection was that the planning board's recommendation to the city commission was not in the form required by ordinance, as the board failed to set out reasons and determinations for its proposal. Both of these requirements were held to be directory only.

The court stated:

"There are no 'negative words' in the procedural ordinances nor anything suggesting that the consequence of non-compliance is to render the commission's action void. We cannot infer an intention that such a result should follow where all necessary information is in fact before the commission in one form or another, and the only deficiency is one of form." 212 Kan. at 386.

Those provisions which have been held to be mandatory are such things as notice requirements and resubmitting the plan to the planning commission when the governing body altered the development plans. See *Carson v. McDowell,* 203 Kan. 40, 44, 452 P.2d 828 (1969); *City of Manhattan v. Ridgeview Building Co., Inc.,* 215 Kan. 606, 527 P.2d 1009 (1974).

In *Dent v. City of Kansas City,* 214 Kan. 257, 519 P.2d 704 (1974), several procedural irregularities were alleged. The court found that a provision stating that the governing body may establish fees to be paid in advance at the time of making application for a change in zoning was permissive which would not require the city to pay itself a fee when making an application. Another contention was that there was no showing of a vote by either the city commission or planning commission prior to the filing of the application. The evidence showed that a petition was considered by the city commission and referred to the planning commission as required by statute. In due course, the petition was voted upon by both commissions and the subsequent approval was held to be satisfactory evidence that the city commission approved of the filing of the petition. The third contention was that improper notices were given on planning commission meetings. Notice was given of the initial meeting, which was adjourned until the next regular meeting. No notice was published regarding the second meeting. The court stated that procedural requirements of notice were met with regard to the second meeting. In addition, the court noted that publication notice was given for a third meeting at which the petition was approved. The fourth contention in *Dent* was that the planning commission was not properly constituted as a resigned member of a 15-member commission had not been replaced. The court indicated that the enabling statute provides for a commission of not less than 7 nor more than 15 and that quorum was more than one-half of the members. Therefore, the statutory requirement was met.

In the instant case, the fact that no resolution was drafted, the copy of the plan was not attested, and a record of the hearings was

not submitted to the county commissioners are more form than substance in view of the fact that the county commissioners attended the planning board's meetings.

Given the presumption of the validity which attaches to ordinances, the appellant herein had established a prima facie case at the time it rested, and the burden of establishing the invalidity of the ordinance had shifted to the appellee. At that point, however, appellee presented no evidence to the contrary and thus did not overcome the presumption of validity.

We conclude that those parts of the statute which affect substantial rights were complied with, and that the failure to comply with the wording of the statute in various other respects, all as noted above, was not sufficient to invalidate the ordinance.

Reversed.