(720 P.2d 1119)

No. 58,162

Unified School District No. 252, *Appellant*, v. South Lyon County Teachers Association, *Appellee*.

Opinion filed May 22, 1986.

*Thomas A. Krueger,* of Krueger & Shaw, of Emporia, for the appellant.

*David M. Schauner,* of Topeka, for the appellee.

Before Parks, P.J., Daniel L. Hebert, District Judge, assigned, and James M. Macnish, Jr., District Judge, assigned.

Macnish, J.: U.S.D. 252 (Board) appeals a judgment finding that the South Lyon County Teachers Association's (SLCTA) notice of intent to negotiate was sufficient notice under the provisions of K.S.A. 72-5423(a).

The Board contends that SLCTA's notice of intent to negotiate was not legally sufficient.

K.S.A. 72-5423(a) provides:

"(a) Nothing in this act, or the act of which this section is amendatory, shall be construed to change or affect any right or duty conferred or imposed by law upon any board of education, except that boards of education are required to comply with this act, and the act of which this section is amendatory, in recognizing professional employees' organizations, when such an organization is recognized, *the board of education and the professional employees' organization shall enter into professional negotiations on request of either party* at any time during the

school year prior to issuance or renewal of the annual teachers' contracts. *Notices to negotiate on new items or to amend an existing contract must be filed on or before February 1 in any school year by either party, such notices shall be in writing and delivered to the superintendent of schools or to the representative of the bargaining unit and shall contain in reasonable and understandable detail the purpose of the new or amended items desired."* (Emphasis added.)

On January 31, 1985, Jeanette Schmidt, president of the SLCTA, sent a letter to Thomas Heiman, superintendent of U.S.D. 252, which stated:

"Mr. Heiman,
This letter will serve as notification that the SLCTA intends to meet with the Board of Education of District #252 for the purpose of negotiating a contract for the certified personnel of this district.
Since the contract now in effect is not one agreed upon by this bargaining agent, it is our intent to notice on each and every article in the unilateral contract now in effect in District #252."

K.S.A. 72-5423(a) contains two requisites. First, it requires the parties to enter into negotiations at the request of either party at any time before new contracts are issued. In addition, it requires that written notice to negotiate on new items or to amend an existing contract be given to the opposite party on or before February 1. Unlike the "request" in the previous part of the statute, the "notice" . . . "shall contain in reasonable and understandable detail the purpose of the new and amended items desired." K.S.A. 72-5423(a).

Interpretation of a statute is a question of law. The function of the court is to interpret a statute to give it the effect intended by the legislature. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984); *State, ex rel., v. Unified School District*, 218 Kan. 47, 49, 542 P.2d 664 (1975). In construing a statute, the fundamental rule of statutory construction to which all others are subordinate is that the intent of the legislature governs when that intent can be ascertained. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. at 455.

The purpose and intent of the legislature in the Professional Negotiations Act in general, and specifically in K.S.A. 72-5423(a), is to require boards of education and properly recognized teacher associations to enter into professional negotiations on employment contracts. The statute clearly imposes a duty to negotiate whenever a timely request is made for negotiations.

The Board argues that the duty to negotiate is discharged, however, if the notice to negotiate is not sufficiently detailed.

By its language, the notice provision of K.S.A. 72-5423(a) appears to be mandatory. Where strict compliance with the provision is essential to the preservation of the rights of the parties affected and to the validity of the proceeding, the provision is generally interpreted to be mandatory. *Griffin v. Rogers,* 232 Kan. 168, 174, 653 P.2d 463 (1982); *Paul v. City of Manhattan,* 212 Kan 381, Syl. ¶ 1, 511 P.2d 244 (1973); *Board of Lincoln County Comm'rs v. Berner,* 5 Kan. App. 2d 104, 111, 613 P.2d 676, *rev. denied* 228 Kan. 806 (1980).

In this case, compliance with the notice provision is essential to the preservation of the rights of the parties. The professional negotiation process is facilitated when the notice fully details the purpose behind the proposed additions or amendments to an existing contract. The notice in this case, at best, informed the Board of the general topics to be discussed—each article of the then existing contract—but it fell far short of indicating the purpose of any contemplated new or amended items in reasonable and understandable detail. The statute clearly requires particularity and it is equally clear that particularity is lacking in the notice furnished by SLCTA to the Board. The notice wholly fails to state, in any fashion, the purpose of new or amended items. The notice, thus, does not comply with the dictates of the statute and is therefore insufficient to fulfill the legislative intent; *i.e.,* a reasonably and understandably detailed notice of the purpose of new or amended items desired to be negotiated. A notice such as was given here, which does not fairly apprise a party of the action proposed to be taken, is no notice at all. *State v. Buckle,* 4 Kan. App. 2d 250, 255, 604 P.2d 743 (1979). We must then conclude that the Board was never served with a timely sufficient notice and is, therefore, under no duty to enter into professional negotiations. The lower court erred in its finding of sufficiency and the case must be reversed on this point.

In light of our decision to reverse the district court, we need not consider the Board's arguments concerning the court's evidentiary rulings.

Reversed.