The Honorable Thomas Bradley State Representative, Fifty-Second District 5908 S.W. Clarion Lane Topeka, Kansas 66610
Dear Representative Bradley:
You request our opinion regarding the provisions of K.S.A. 1992 Supp.79-1448 and 79-1404 as they relate to a taxpayer's right to appeal increases in the valuation of his or her real property. The example you provide is that of Shawnee county where some informal hearings with the county appraiser were held after the May 15 statutory deadline and notices of final determination were mailed after May 20 (apparently some notices still have not been mailed pursuant to an order of the director of property valuation). According to the county appraiser, decisions had been made prior to May 20 regarding many of the parcels in question, but "the necessary clerical work was not completed until later." Letter from acting county appraiser, David Galloway, to Director Cunningham dated June 11, 1993. Based upon this information, your specific questions are as follows:
 "1. What does the language contained in K.S.A. 79-1448
stating `final determination be given by the county appraiser after May 20' mean? Does it apply to the date when the appraiser makes the determination based upon a review of the hearing information and accordingly enters that decision in the property file, or does that date apply to when the Notice of Final Decision is clerically mailed by the County [Appraiser]?
 "2. What does the language contained in K.S.A. 1992 Supp. 79-1404 Seventeenth stating that `certification of appraisal rolls and the completion of valuation and classification hearings' mean? Does `completion of valuation and classification hearings' mean the holding of hearings and the rendering of a final decision, or does it include mailing a `final determination' notice regarding the appeal?
 "3. Further, even if `final determinations' were made after May 20, if the certification of appraisal rolls has occurred, does the failure to meet the statutory directive of completion become a moot issue?
 "4. Following the line of cases including Spalding v. Price, 210 Kan. 337 at 339, quoting City of Hutchinson v. Ryan, 154 Kan. 751, do the time-frames set forth in K.S.A. 79-1448 `fix a mode of proceeding in a time within [which] an official act is to be done to secure order, system and dispatch of the public business," therefore being directory rather than mandatory in their application? If so, do `final determinations' occurring after May 20 remain valid?"
K.S.A. 1992 Supp. 79-1448 states in part:
 "Any taxpayer may complain or appeal to the county appraiser from the classification or appraisal of the taxpayer's property by giving notice to the county appraiser on or before April 15 . . . . The county appraiser or the appraiser's designee shall arrange to hold an informal meeting with the aggrieved taxpayer with reference to the property in question. At such meeting it shall be the duty of the county appraiser or the county appraiser's designee to initiate production of evidence to substantiate the valuation of such property. The county appraiser may extend the time in which the taxpayer may informally appeal from the classification or appraisal of the taxpayer's property for just and adequate reasons. Except as provided in K.S.A. 79-1404, and amendments thereto, no informal meeting regarding real property shall be scheduled to take place after May 15, nor shall a final determination be given by the appraiser after May 20. Any taxpayer who is aggrieved by the final determination of the county appraiser may appeal to the hearing officer or panel appointed pursuant to K.S.A. Sup. 1992 79-1611. . . . An informal meeting with the county appraiser or the appraiser's designee shall be a condition precedent to an appeal to the county or district hearing panel."
We address your fourth question first. We begin with the presumption that the director of property valuation has not extended the statutory deadlines as allowed by K.S.A. 1992 Supp. 79-1404 Seventeenth. The case you cite, Spalding, which relied in part on Ryan, held the deadline for mailing change of value notices under K.S.A. 1992 Supp. 79-1460 was directory rather than mandatory. The rationale was that strict compliance with that statutory provision "was not essential to the preservation of the rights of parties affected and to the validity of the proceeding" because the statute included language stating that "[f]ailure to receive such notice shall in nowise invalidate the assessment." In the court's opinion, if failure to receive the notice at all would not invalidate the assessment, failure to receive it on time would likewise not invalidate the assessment. The statute here in question, K.S.A. 1992 Supp. 79-1448, does not contain similar language as to the effect of valuation determinations not made or sent on time. We therefore look to the general rules for determining whether a statute is directory or mandatory.
Use of the word "shall" is not always determinative of whether a statutory provision is mandatory or directory. City of Kansas City v.Board of County Comm'rs of Wyandotte County, 213 Kan. 777, 783 (1974). The word "shall" in a statute is frequently read to mean "may" where the context requires. Paul v. City of Manhattan, 212 Kan. 381 (1973). Questions as to whether language in a statute is mandatory or directory are largely determined on a case by case basis and an important consideration is whether the requirement is essential to preserve the rights of parties. Griffen v. Rogers, 232 Kan. 168 (1982); Unified SchoolDistrict No. 252 v. South Lyon County Teachers Association,11 Kan. App. 2d 295 (1986). Provisions in a statute intended to secure order, system and dispatch, and by disregard of which parties cannot be injuriously affected, are not regarded as mandatory unless accompanied bynegative words indicating that the acts shall not be done in any othermanner than that designated. Manhattan v. Ridgeway Bldg. Co., Inc.,215 Kan. 606 (1974); White v. Vinzant, 13 Kan. App. 2d 467 (1989). The requirements in K.S.A. 1992 Supp. 79-1448 that hearings be held prior to May 15 and that final determinations be given by May 20, while arguably intended to secure order, system and dispatch, are drafted in the negative indicating that the procedures shall be done in no other way. We therefore cannot conclude that these provisions are directory, but rather we believe that a court would find them mandatory. Thus, if a hearing is duly requested but not held by May 15 or a final determination is not given by May 20, and the director of property valuation has not extended those deadlines pursuant to K.S.A. 1992 Supp. 79-1404 Seventeenth, the taxpayer's request for relief should be deemed denied, and a notice sent out to that effect, allowing the taxpayer to move on to the next level of appeal. See Attorney General Opinion No. 91-148; K.S.A. 1992 Supp. 79-1610. We believe this is true even though K.S.A. 1992 Supp. 79-1448 states that the informal hearing with the appraiser is a condition precedent to an appeal to the hearing officer or panel; the county cannot, inadvertently or otherwise, thwart the taxpayer's right to appeal by failing to meet statutory deadlines. Our interpretation also allows the procedure to move along roughly on schedule so that the statutory timetables are met.
Your first question is also directed to the language of K.S.A. 1992 Supp. 79-1448. The statute provides that no final determination shall begiven by the appraiser after May 20. You question whether the term "given" refers to the time the determination is made or the time at which notice of the determination is mailed. In our opinion, it refers to the former. In reaching this conclusion, we compare the language in K.S.A. 1992 Supp. 79-1448 to that in K.S.A. 1992 Supp. 79-1460 (requiring the appraiser to "notify each taxpayer . . . by mail" on or before March 1 of the classification and valuation of real property) and K.S.A. 1992 Supp.79-1606 (distinguishing between the hearing officer's or panel's "determination" and the "mailing" of the notice of determination). If the legislature had intended the mailing of the notices to occur on or before May 20, it could have so provided as it did with K.S.A. 1992 Supp. 79-1460
and 79-1606. [We do not here determine what actions constitute the "making" of a final determination.]
We caution, however, that late mailing of the appraiser's final determination may not always be of service to the taxpayer. In this case, according to the information provided, a majority of the final determinations lowered the valuation of the properties in question and therefore the taxpayers would benefit by the appraiser's determination being deemed valid although not mailed until after May 20. However, if the final determinations increased or made no change to the property valuations, and the determinations were mailed after May 20, the taxpayer could lose his ability to appeal to a hearing officer or panel pursuant to K.S.A. 1992 Supp. 79-1606, which hearing is to occur on or before July 1. If an appeal is duly perfected to the hearing officer or panel [appeal in writing filed with the county clerk within 18 days of the date the final determination of the appraiser was mailed, K.S.A. 1992 Supp.79-1606(b)] but cannot be heard by the officer or panel prior to the date of final adjournment, the appeal is deemed denied and the taxpayer may then proceed to the state board of tax appeals. K.S.A. 1992 Supp. 79-1610. A taxpayer thus may lose this opportunity to have his case finally resolved in his favor without having to go before the board of tax appeals.
Because we have concluded that the May 20 deadline refers to the making of the determination rather that the mailing of the notice of final determination, it is not necessary to address your second question. With no statutory deadline for the mailing of the notices, there is no need to seek extension of the time for such mailings.
Your final question assumes that final determinations were made, as opposed to mailed, after May 20 and that the director of property valuation declined to extend that deadline. You inquire whether certification of the appraisal rolls pursuant to K.S.A. 1992 Supp. 79-1466, with the changed valuations, cures any defects caused by late determinations. In our opinion it does not. There is a specific statutory procedure for valuing property, notifying taxpayers of the values reached, and altering disputed values. If the appraiser were able to circumvent all these statutory procedures by merely certifying the rolls, the review processes and checks and balances of the system would be rendered meaningless. While in this case taxpayers may benefit from the changed values, in other circumstances they may not. The taxpayer's recourse is to appeal to the next available level.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm